UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No: 5:19-CV-504

| | |
|---|---|
| JAMES BAGGOTT,<br><br>on behalf of himself and all others similarly situated<br><br>*Plaintiff*,<br>v.<br><br>ABC PHONES OF NORTH CAROLINA, INC.<br><br>*Defendant*. | **COMPLAINT** |

Plaintiffs, by their attorneys, for their Complaint against Defendants state as follows:

1. This is a collective action under the Fair Labor Standards Act, and an individual and class action under Wisconsin law by Plaintiffs, current and former hourly employees of the Defendant, to seek redress for ABC Phones of North Carolina's ("ABC Phones") failure to pay to them straight time and overtime pay required by the FLSA and Wisconsin law.

**JURISDICTION AND VENUE**

2. This court has subject matter jurisdiction under 29 USC §216(b) and 28 U.S.C. §1331 because Plaintiff alleges violations of the FLSA, 29 U.S.C. §201 et seq.

3. This Court has supplemental jurisdiction over the Plaintiff's claims brought under Wisconsin law pursuant to 28 U.S.C. §1367 because they are based upon the same nucleus of operative facts, and therefore form the same case or controversy as their FLSA claims.

1

4. This Court has personal jurisdiction over the Defendant because the Defendant resides in the Eastern District of North Carolina. Plaintiffs are filing this action in the Eastern District of North Carolina out of an abundance of caution, in case a nationwide collective action under the FLSA may only be maintained in the district where the Court has general jurisdiction over the Defendant.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because the Defendant resides in this District.

## THE PARTIES

6. Named Plaintiff James Baggott is an adult resident of the State of Wisconsin who worked for ABC Phones as a store manager in Wisconsin. A copy of the FLSA consent signed by Baggott is filed with the Court simultaneously with this Complaint.

7. Defendant ABC Phones is a North Carolina corporation that, in its capacity as an authorized dealer of Verizon Wireless doing business as Victra, operates more than 1,000 stores in 46 different states, including North Carolina and Wisconsin, to sell telecommunication services and equipment to its customers. Defendant ABC Phones maintains its corporate headquarters in Raleigh, North Carolina.

8. ABC Phones operates 50 stores employing between 100-200 people in Wisconsin, so that it is an employer within the meaning of Wis. Stat. §109.03(1). ABC Phones is also an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §203, by, for example, purchasing equipment, materials, and other supplies that were directly or indirectly produced from multiple states, and by doing business in multiple states. At all relevant times, ABC Phones has had annual gross volume of business well in excess of $500,000.

## FACTS

9. During the time period of November 8, 2016 to the present Plaintiff received three types of compensation from ABC Phones for his work: Hourly compensation for each hour that ABC Phones credited him as working, commissions paid on a sliding scale depending on the net profits of his store; and bonuses paid on a sliding scale, based upon a formula previous disclosed by ABC Phones to Plaintiff, depending on the net profits of his store.

10. During the time period of November 8, 2016 to the present ABC Phones used the identical system to compensate its sales representatives at its stores, with the exception that commissions and bonuses would be computed, using established formulas, based off the sales of the employee rather than the net profits of the store.

11. During the time period of November 8, 2016 to the present, whether measured on a monthly basis or an annual basis, Plaintiff would receive more compensation from hourly wages and bonuses than from commissions.

12. During the time period of November 8, 2016 to the present Plaintiff made sales to customers at Victra Stores, rather than at locations away from ABC Phones' places of business.

13. During the time period of November 8, 2016 to the present ABC Phones store managers such as Plaintiff was regularly paid for more than 40 hours per week, while sales representatives were sporadically paid for more than 40 hours per week.

14. When ABC Phones did pay overtime pay to any of its employees, the overtime pay would be computed as time and a half the employee's hourly wage rate only, so that neither the

3

commissions nor the non-discretionary bonuses would be included in computing the employees' regular rate of pay used to compute their overtime pay.

15. Plaintiff, like all other hourly employees of ABC Phones, were paid only when they were at the stores and logged into the store's timekeeping system.

16. Approximately five to six times per month, Plaintiff like other ABC Phones Store Managers would be required to participate in telephonic conferences with upper management to discuss work related matters such as sales strategies and upcoming promotions.

17. Plaintiff's time spent attending and participating in telephone conferences was neither paid, nor counted as time worked, if he was away from his store and not logged into the timekeeping system at the time of the telephonic conferences.

18. ABC Phones knew both that its store managers were only paid for time spent logged onto the timekeeping system in stores, and that its store managers were frequently away from the stores when they participated in telephone conferences.

19. Because there were no more than 2-4 sales employees including the store manager per Victra store, and because employees could only take their lunch breaks depending on the amount of and the needs of customers in the stores, Plaintiff like other ABC Phones employees frequently did not take any meal breaks during their workdays.

20. When the Plaintiffs did take a meal break, they would log out of the store's timekeeping system for the duration of the meal break.

21. When the Plaintiffs did not take any meal breaks during their workdays, ABC Phones upper management would sometimes add meal breaks to the employee's time records.

4

22. The meal breaks logged in ABC Phones' computer system, both those that the employees actually took and those that were added by ABC Phones' upper management, were usually less than 30 minutes in duration. Sometimes the logged meal breaks were less than 20 minutes or even 15 minutes in duration, so that the employee would not have a sufficient amount of time to comfortably eat a meal during the break.

23. All employees' time clock punches, including time clock punches showing the duration of the employee's meal breaks, were transmitted to ABC Phones' corporate headquarters in North Carolina so that they could be reviewed and processed, and so that employee paychecks could be cut.

24. ABC Phones, upon receiving actual notice of the duration of its employees' reported meal breaks, deducted the meal breaks from its employees' work hours without undertaking any activities to enforce meal break requirements.

25. ABC Phones sometimes adjusted the Plaintiff's punch in and punch out times, so that he was paid for fewer hours than he actually worked.

**COLLECTIVE ACTION ALLEGATIONS**

26. Plaintiff brings his First Claim for Relief, pursuant to the Fair Labor Standards Act, on his own behalf and on behalf of all other similarly situated ABC Phones store managers and sales representatives (a) whose recorded meal breaks during which they did not receive a sufficient amount of time to comfortably consume a meal were excluded from their work time; and (b) who, if they worked more than 40 hours per week, would receive overtime pay equal to time and a half their hourly rate, so that commissions and bonuses received during the workweek were excluded from computing their regular rates used to compute their overtime pay.

27. Plaintiff additionally brings his First Claim for Relief, pursuant to the Fair Labor Standards Act, on his own behalf and on behalf of all other similarly situated ABC Phones Store Managers, in that their time spent on telephonic conferences with upper management while they were away from the Victra stores should have been, but were not counted as hours worked when determining their eligibility for overtime pay.

28. The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. §216(b), for prospective members of the FLSA Class that are similarly situated to Plaintiff and have claims similar to his first claim for relief.

29. The claims of the Named Plaintiffs are representative of the claims of members of the FLSA Class in that all members of the class were hourly paid sales employees of ABC Phones who were subject to its uniform policies of: (a) deducting from their work hours time spent logged out for lunch regardless of the duration of said lunch breaks; (b) computing overtime pay as time and a half the hourly wage rate only during workweeks when the employee also received commissions and nondiscretionary bonuses; and (c) in the case of store managers excluding from hours worked time spent participating in mandatory work related telephonic conferences while the store managers were away from their stores.

## CLASS ALLEGATIONS

30. Plaintiff seeks to represent a class of all Wisconsin employees of ABC Phones who fall within any of the following three subclasses pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All hourly paid employees of ABC Phones, who were employed by ABC Phones in Wisconsin on or after November 8, 2017, whose recorded meal breaks of less

than 30 minutes in duration were neither paid, nor counted as hours worked when determining their eligibility for overtime pay.

All hourly paid employees of ABC Phones, who were employed by ABC Phones in Wisconsin on or after November 8, 2017 in a position in which they were eligible to receive commissions and/or bonuses, whose commissions and bonuses were not included when computing their regular rate of pay used to compute their overtime pay.

All hourly paid store managers of ABC Phones, who were employed by ABC Phones in Wisconsin on or after November 8, 2017, whose time spent attending or participating in work related telephonic conferences while they were away from their stores were neither counted as hours worked nor paid.

31. The persons in the class identified above are so numerous that joinder of all members is impracticable. Because during the majority of the time period between November 8, 2017 and the present ABC Phones had 50 separate stores in Wisconsin, and taking into account frequent turnover of staff, Plaintiffs believe during the class period ABC Phones employed between 50-100 store managers, and between 200-300 total store managers and sales representatives in Wisconsin.

32. There are questions of law and fact common to the Wisconsin Unpaid Wage Class (Rule 23 Class) that predominate over any questions solely affecting individual members of the class, including, but not limited to:

(a). Whether under DWD §274.03 all meal breaks of less than 30 minutes in duration in Wisconsin must be counted as hours worked;

(b). Whether Wisconsin law adopts the Fair Labor Standards Act's definition of the "regular rate", so that all commissions and non-discretionary bonuses paid to the employee during the workweek must be included when computing the employee's regular rate of pay used to compute his overtime pay;

(c). Whether under Wisconsin law time spent in mandatory telephonic conferences discussing work related matters constitute hours worked;

7

(d). Whether under Wisconsin law hours worked must both be counted when computing the employees' overtime pay; and must be paid with separate hourly pay.

33. Plaintiff's claims are typical of those of the Rule 23 class in that he just like the proposed class was not paid for meal breaks that were reported to ABC Phones as less than 30 minutes in duration; was paid overtime pay at time and a half his hourly rate of pay only during workweeks when he also earned commissions and non-discretionary bonuses, and was not paid for his time spent in work related mandatory telephonic conferences while he was away from his store.

34. Named Plaintiff will fairly and adequately protect the interests of the Rule 23 class; and has retained counsel experienced in complex wage and hour litigation.

35. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Defendant's common and uniform policies and practices denied to the Wisconsin Unpaid Wage Class wages for work performed to which they are entitled. The damages suffered by the individual Wisconsin Unpaid Wage Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will permit the Court to resolve predominate legal questions that drive the resolution of this litigation, while obviating the need for unduly duplicative litigation that might result in inconsistent judgments about the legality of the Defendant's pay practices.

**Count I.    Overtime Pay Claim Under the Fair Labor Standards Act.**

36. Plaintiff re-alleges, and incorporates by reference, the allegations contained in paragraphs 1- 35 of the Complaint.

37. Because the Plaintiffs' bonuses were computed using a formula previously communicated by ABC Phones to them, and because the bonuses were designed to encourage the

8

Plaintiffs' to improve their work performance, the bonuses are non-discretionary payments that must be included when computing the Plaintiffs' regular rate of pay.

38. Similarly, commissions received by the Plaintiffs were compensation for employment that do not fit within any of the exemptions outlined in §207(e) of the FLSA so that the commissions must be included when computing the Plaintiffs' regular rate of pay.

39. Meal breaks that the Plaintiffs reported to ABC Phones, which were of a short enough duration (generally under 15 minutes) so that they were insufficient to permit the comfortable eating of a meal, should have been but was not counted by ABC Phones as hours worked.

40. Plaintiffs were engaging in work when they attended mandatory telephonic conferences to discuss work related matters, so that such time must be counted as hours worked even when the Plaintiffs were away from their stores and logged off the stores' timekeeping systems while participating in said telephonic conferences.

41. ABC Phones additionally violated the FLSA when it added to Baggott's time record meal breaks that he never took; and adjusted Baggott's time punches so that he was credited with fewer hours worked than he actually worked.

42. During the time period of November 8, 2016 to the present, Baggott would have regularly received more overtime pay had all of his work time outlined in paragraphs 37-39 of the Complaint been counted as hours worked; and had his overtime pay been computing using his regular rate of pay including commissions and non-discretionary bonuses.

9

Case 5:19-cv-00504-D   Document 1   Filed 11/08/19   Page 9 of 12

43. Baggott is entitled to recover from ABC Phones, in addition to all additional overtime wages he should have but did not receive, an equal amount as liquidated damages, plus his reasonable attorneys' fees and costs incurred in bringing this Complaint.

44. Because ABC Phones either knew or should have known that its timekeeping and employee compensation calculation methods violated the FLSA, the Plaintiffs are entitled to the application of the FLSA's three years statute of limitations for willful violations.

**Count II.    Claim for Straight Time and Overtime Pay Under Wisconsin Law.**

45. Plaintiff re-allege, and incorporate by reference, the allegations contained in paragraphs 1- 44 of the Complaint.

46. Under Wisconsin law, all meal breaks of less than 30 minutes in duration must be counted as hours worked, so that ABC Phones violated Wisconsin law by excluding reported meal breaks of less than 30 minutes in duration from its employees' hours worked.

47. Plaintiffs' time spent in mandatory telephonic conferences discussing work related matters, while they were away from their stores, were required by ABC Phones and pursued primarily for ABC Phones' benefit, so that the time should have been but was not counted as hours worked under Wisconsin law.

48. Plaintiff Baggott had additional work hours that ABC Phone should have but did not count as hours worked because ABC added to Baggott's time punch records meal breaks that he did not take and adjusted his time clock punches so that he was credited with fewer hours worked than he actually worked.

49. Pursuant to Wis. Stat. §103.02 and DWD §272.12(1)(a)1, and because Wis. Stat. §109.03(1) and (5) requires the full payment of wages so that the payment of wages for other hours

worked cannot be used to offset the employer's failure to pay any wages for hours that it should have but did not count as hours worked, the Plaintiffs are entitled to additional straight time pay at their agreed upon hourly rates for each and every hour described by paragraphs 46-48 of the Complaint that ABC Phones should have but did not count as hours worked.

50. Plaintiffs are also entitled to all additional overtime pay computed by counting all hours described by paragraphs 46-48 of the Complaint as hours worked, and by counting commissions and nondiscretionary bonuses they received when computing their regular rate for overtime pay.

51. ABC Phones violated Wis. Stat. §§109.03(1) and (5) by failing to pay to the Plaintiffs all straight time pay and overtime pay described by paragraphs 49 and 50 of the Complaint within 31 days of when such pay was earned, thus entitling the Plaintiffs to both 50% liquidated damages provided by Wis. Stat. §109.11(2)(a); and to their actual attorneys fees and costs of bringing these wage claims pursuant to Wis. Stat. §109.03(6).

WHEREFORE, the Plaintiffs respectfully request the Court to enter an order that:

1. Finds that ABC Phones is liable to the plaintiff and all members of the proposed collective action for all unpaid overtime pay, 100% liquidated damages, and attorneys fees and costs arising out of the Plaintiffs' claims under the Fair Labor Standards Act;

2. Finds that ABC Phones is liable to the Plaintiff and all members of the proposed Rule 23 classes for all unpaid straight time and overtime wages that they are owed under Wisconsin law, plus 50% increased damages on all unpaid wages, plus their attorneys fees and costs arising out of the Plaintiffs' claims under Wisconsin law;

3. Grants to the Plaintiff such other and further relief as the Court deems just and proper.

Dated this 8th day of November, 2019.

/s/Yingtao Ho
Yingtao Ho (WI State Bar No. 1045418)
*(LR 83.1(e) special appearance forthcoming)*
yh@previant.com
Joe Sexauer (WI State Bar No. 1103206)
*(LR 83.1(e) special appearance forthcoming)*
jms@previant.com
The Previant Law Firm S.C.
310 W. Wisconsin Ave. Suite 100MW
Milwaukee, WI 53212
(414) 271-4500
(414) 271-6308 (fax)


/s/ Paul E. Smith
Paul E. Smith (NC Bar No. 45014)
Patterson Harkavy LLP
100 Europa Dr., Suite 420
Chapel Hill, North Carolina 27517
(919) 942-5200
(866) 397-8671 (fax)
psmith@pathlaw.com
Local Civil Rule 83.1(d) Counsel for Plaintiff