IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| JAMES BAGGOTT, <br><br> on behalf of himself and all other similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> ABC PHONES OF NORTH CAROLINA, INC., <br><br> *Defendant.* | No. 5:19-cv-504 |

**DEFENDANT ABC PHONES OF NORTH CAROLINA, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant ABC Phones of North Carolina, Inc., d/b/a Victra ("ABC," "Victra," or "Defendant") respectfully submits this Answer, including its affirmative defenses, in response to the original complaint ("Complaint") of James Baggott, on behalf of himself and the purported putative collective and class members he seeks to represent ("Plaintiff").

**ANSWER**

1. Defendant admits that Plaintiff purports to bring this action as a putative collective action under the Fair Labor Standards Act ("FLSA") and as a class action under Wisconsin law. Defendant denies the remaining allegations in paragraph 1.

**JURISDICTION AND VENUE**

2. Defendant admits that the Complaint purports to allege a federal question.[1] Defendant denies the remaining allegations in paragraph 2.

---

[1] ABC reserves the right to dispute jurisdiction in the event the federal claims are resolved through the nationwide settlement currently pending before the court in *O'Bryant v. ABC Phones of North Carolina, Inc.*, No. 2:19-cv-02378 (W.D. Tenn.).

3. Defendant admits that the Complaint purports to allege a Wisconsin state law claim. Defendant denies the remaining allegations in paragraph 3.

4. Defendant admits that Defendant resides in this District, so the Court has personal jurisdiction over Defendant. Defendant denies the remaining allegations in paragraph 4.

5. Defendant admits that Defendant resides in this district. Defendant denies the remaining allegations in paragraph 5.

## THE PARTIES

6. Defendant admits that Plaintiff is an "adult," meaning he is age 18 or over, and that Plaintiff was once employed by ABC as a store manager in Wisconsin. Defendant further admits that a document purporting to be a copy of Plaintiff's "FLSA consent" as alleged in paragraph 6 was filed with the Complaint. Defendant lacks knowledge or information sufficient to admit or deny Plaintiff's current state of residence.

7. Defendant admits that Defendant is an authorized retailer of Verizon doing business as Victra, operates over 1,000 stores across 46 states including North Carolina and Wisconsin, and maintains its corporate headquarters in Raleigh, North Carolina. Defendant further admits that it sells telecommunication services and equipment to its customers.

8. Defendant admits that, since November 8, 2016, Defendant has operated approximately 50 stores in Wisconsin, and Defendant has employed between approximately 120 and 180 people in Wisconsin. Defendant further admits that Defendant is engaged in interstate commerce and has had annual gross volume of business in excess of $500,000.

## FACTS

9. Defendant admits that, during Plaintiff's employment, Plaintiff received

2

Case 5:19-cv-00504-D   Document 10   Filed 01/28/20   Page 2 of 16

compensation for his work. Such compensation was based in part on hourly compensation, based in part on individual commissions, and based in part on store bonuses. Defendant denies the remaining allegations in paragraph 9.

10. Defendant admits that the compensation system for store managers is different from the compensation system for sales representatives. Indeed, the compensation system for store managers can differ depending on the particular individual, and the compensation system for sales representatives can differ depending on the particular individual. Defendant denies the remaining allegations in paragraph 10.

11. Defendant admits that, depending on the month or year, Plaintiff may have received more compensation from commissions than from hourly wages and bonuses. Defendant denies the remaining allegations in paragraph 11.

12. Defendant admits that Plaintiff made sales to customers at Victra stores and that Victra stores are ABC's "places of business." Defendant lacks knowledge or information sufficient to otherwise admit or deny whether Plaintiff made any sales at locations away from Victra stores. Defendant denies the remaining allegations in paragraph 12.

13. Defendant admits that ABC store managers, such as Plaintiff, were paid from time to time for more than 40 hours per week depending if the individual store manager worked for more than 40 hours per week, and ABC sales representatives were paid from time to time for more than 40 hours per week depending if the individual sales representative worked for more than 40 hours per week. Defendant denies the remaining allegations in paragraph 13.

14. Defendant denies all allegations in paragraph 14.

15. Defendant denies all allegations in paragraph 15.

16. Defendant admits that, from time to time, depending on the facts and circumstances particular to the individual store manager, store managers may be required to participate in conference calls with upper management, and such discussions may include topics such as sales strategies and upcoming promotions. Defendant denies the remaining allegations in paragraph 16.

17. Defendant denies all allegations in paragraph 17.

18. Defendant denies all allegations in paragraph 18.

19. Defendant admits that each store manager regularly managed more than two people per Victra store in Wisconsin. Defendant denies the remaining allegations in paragraph 19.

20. Defendant admits that Plaintiff regularly failed to clock in and out as required by ABC policies. Defendant denies the remaining allegations in paragraph 20.

21. Defendant denies all allegations in paragraph 21.

22. Defendant admits that sales representatives and store managers take breaks, as logged in ABC's system, which are sometimes more and sometimes less than 30 minutes. Defendant lacks knowledge or information sufficient to otherwise admit or deny whether an employee has enough time to "comfortably" eat a meal. Defendant denies the remaining allegations in paragraph 22.

23. Defendant admits that records reflecting employees' time, including the duration of logged breaks, were transmitted to Defendant, such that paychecks could be issued to employees. Defendant denies the remaining allegations in paragraph 23.

24. Defendant denies all allegations in paragraph 24.

25. Defendant denies all allegations in paragraph 25.

## COLLECTIVE ACTION ALLEGATIONS

26. Defendant admits that Plaintiff purports to bring his first claim for relief pursuant to the FLSA on behalf of himself and putative collective members. Defendant denies the remaining allegations in paragraph 26.

27. Defendant admits that Plaintiff purports to bring his first claim for relief pursuant to the FLSA on behalf of himself and putative collective members. Defendant denies the remaining allegations in paragraph 27.

28. Defendant admits that Plaintiff purports to bring this action on behalf of himself and putative collective members. Defendant denies the remaining allegations in paragraph 28.

29. Defendant admits that Plaintiff purports to bring this action on behalf of himself and putative collective members. Defendant denies the remaining allegations in paragraph 29.

## CLASS ALLEGATIONS

30. Defendant admits that Plaintiff purports to bring this action on behalf of himself and putative class members. Defendant denies the remaining allegations in paragraph 30.

31. Defendant admits that, since November 8, 2017, Defendant has operated approximately 50 stores in Wisconsin. Defendant further admits that, since November 8, 2017, ABC has employed approximately 100 store managers and approximately 390 total store managers and sales representatives in Wisconsin. Defendant denies the remaining allegations in paragraph 31.

32. Defendant denies all allegations in paragraph 32.

33. Defendant admits that Plaintiff purports to bring this action on behalf of himself and putative class members. Defendant denies the remaining allegations in paragraph 33.

34. Defendant admits that Plaintiff purports to bring this action on behalf of himself and putative class members. Defendant lacks sufficient knowledge or information as to whether Plaintiff's retained counsel is experienced in complex wage and hour litigation. Defendant denies the remaining allegations in paragraph 34.

35. Defendant denies all allegations in paragraph 35.

**Count I.     Overtime Pay Claim Under the Fair Labor Standards Act**

36. Defendant incorporates the responses alleged in paragraphs 1 through 35. To the extent additional response is required, all allegations in paragraph 36 are denied.

37. Defendant admits that Plaintiff's bonus was computed in a manner consistent with ABC's policies and the law, and Plaintiff had knowledge of the same. Defendant denies the remaining allegations in paragraph 37.

38. Defendant denies all allegations in paragraph 38.

39. Defendant denies all allegations in paragraph 39.

40. Defendant denies all allegations in paragraph 40.

41. Defendant denies all allegations in paragraph 41.

42. Defendant denies all allegations in paragraph 42.

43. Defendant denies all allegations in paragraph 43.

44. Defendant denies all allegations in paragraph 44.

**Count II.     Claim for Straight Time and Overtime Pay Under Wisconsin Law**

45. Defendant incorporates the responses alleged in paragraphs 1 through 44. To

the extent additional response is required, all allegations in paragraph 45 are denied.

46. Defendant denies all allegations in paragraph 46.

47. Defendant denies all allegations in paragraph 47.

48. Defendant denies all allegations in paragraph 48.

49. Defendant denies all allegations in paragraph 49.

50. Defendant denies all allegations in paragraph 50.

51. Defendant denies all allegations in paragraph 51.

## RELIEF SOUGHT

1. Defendant denies all allegations in paragraph 1. Defendant further denies that Plaintiff or the putative collective action members would be entitled to any relief as a result of any act or omission of Defendant.

2. Defendant denies all allegations in paragraph 2. Defendant further denies that Plaintiff or the putative class action members would be entitled to any relief as a result of any act or omission of Defendant.

3. Defendant denies all allegations in paragraph 3. Defendant further denies that Plaintiff would be entitled to any relief as a result of any act or omission of Defendant.

## ANY ALLEGATION IN THE COMPLAINT NOT SPECIFICALLY ADMITTED IS EXPRESSLY DENIED.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Barred by Arbitration Agreement)**

1. Plaintiff's claims and/or those of the putative collective or class members are barred, in whole or in part, pursuant to Plaintiff's binding arbitration agreement with ABC,

which requires Plaintiff to bring any and all claims in individual arbitration, specifically including claims related to salary, wages, overtime pay, commissions, bonuses, and meal and rest breaks. In this regard, Defendant reserves any and all rights to compel arbitration of some or all of the claims of Plaintiff and/or those of the putative collective or class members.[2]

## SECOND AFFIRMATIVE DEFENSE

**(Subject Matter Jurisdiction)**

2. Plaintiff's claims and/or those of the putative collective or class members are barred to the extent the Court lacks subject matter jurisdiction.

## THIRD AFFIRMATIVE DEFENSE

**(Res Judicata)**

3. Plaintiff's claims and/or those of the putative collective or class members are barred, in whole or in part, by the doctrines of res judicata, judicial estoppel, and/or collateral estoppel. Specifically, Plaintiff's claims and/or those of the putative collective or class members are barred, in whole or in part, by the settlement pending in *O'Bryant v. ABC Phones of North Carolina, Inc.*, No. 2:19-cv-02378 (W.D. Tenn.).

## FOURTH AFFIRMATIVE DEFENSE

**(Release of Claims)**

4. Plaintiff's claims and/or those of the putative collective or class members are barred to the extent that they have executed releases of claims. Specifically, Plaintiff's claims and/or those of the putative collective or class members are barred, in whole or in part,

---

[2] ABC does not waive and expressly reserves its rights to move to compel arbitration in accordance with Plaintiff's valid and enforceable arbitration agreement with ABC. *See, e.g.*, *Am. Heart Disease Prevention Found., Inc. v. Hughey*, 106 F.3d 389 (4th Cir. 1997) ("As an affirmative defense, the existence of a binding arbitration agreement is properly pleaded in the answer.").

by the settlement pending in *O'Bryant v. ABC Phones of North Carolina, Inc.*, No. 2:19-cv-02378 (W.D. Tenn.).

## FIFTH AFFIRMATIVE DEFENSE

### (No Liability)

5. Plaintiff's claims and/or those of the putative collective or class members are barred, in whole or in part, because Defendant has complied with and performed fully any and all obligations imposed upon it by law, contract, or equity, and any obligation owed to Plaintiff and/or the putative collective or class members has been satisfied, released, or otherwise discharged. Defendant did not commit any wrongful acts as to Plaintiff and/or the putative collective or class members and, therefore, is not responsible for any damages.

## SIXTH AFFIRMATIVE DEFENSE

### (Inadequate Purported Representative)

6. Plaintiff is an inadequate purported representative of some or all of the purported collective or class members.

## SEVENTH AFFIRMATIVE DEFENSE

### (Collective Action Requirements Not Met)

7. Plaintiff and/or the putative collective or class members cannot satisfy the collective action requirements of Section 16(b) of the FLSA, 29 U.S.C. § 216(b), because, among other things, the class is not similarly situated.

## EIGHTH AFFIRMATIVE DEFENSE

### (Class Action Requirements Not Met)

8. Plaintiff and/or the putative collective or class members cannot satisfy the class action requirements of Federal Rule of Civil Procedure 23 because, among other things,

individual questions predominate.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Pay Not Willful)

9. Defendant has not willfully failed to pay Plaintiff and/or the putative collective or class members any wages due them and thus Defendant cannot be held liable for willful conduct.

## TENTH AFFIRMATIVE DEFENSE

### (Set-Off/Offset/Recoupment)

10. Some or all of the purported claims in the Complaint are subject to set-off, offset, and/or recoupment, including, but not limited to, sums previously paid by Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Payment)

11. Plaintiff's claims and/or those of the putative collective or class members are barred because Plaintiff and those he seeks to represent have been paid all wages due and owed.

## TWELFTH AFFIRMATIVE DEFENSE

### (Good Faith Dispute)

12. Plaintiff's claims and/or those of the putative collective or class members are barred, in whole or in part, because any failure to pay wages or provide compliant wage statements, if any, was based on a good faith dispute regarding the applicable law or facts.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (*De Minimis* Exemption)

13. Plaintiff's claims and/or those of the putative collective or class members are

barred, in whole or in part, because the time periods for which they are claiming entitlement to overtime pay fall within the *de minimis* exemption.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Preliminary or Postliminary to Principal Activities)

14. Plaintiff's claims and/or those of the putative collective or class members are barred, in whole or in part, as to all hours during which they were engaged in activities that were preliminary or postliminary to their principal activities.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Acts, Omissions, and Course of Conduct)

15. Plaintiff and the putative collective or class members are estopped from pursuing some or all of the claims set forth in the Complaint by reason of their own acts, omissions, and course of conduct, including, but not limited to, their failure or refusal to record and report their time truthfully and as required by Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Suffer or Permit)

16. Plaintiff's claims and/or those of the putative collective or class members are barred to the extent Defendant did not "suffer or permit" the alleged overtime work.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Good Faith Reliance)

17. Plaintiff's claims and/or those of the putative collective or class members are barred because Defendant acted in good faith conformity with, and reliance on, a written administrative regulation, order, ruling, approval, and/or interpretation of the United States Department of Labor and/or the administrative practice or enforcement policy of a federal or

state agency with respect to the class of employers to which Defendant belongs.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

18. Plaintiff's claims and/or those of the putative collective or class members are barred in whole or in part by the applicable statutes of limitations.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Authorization of Law)

19. Plaintiff's claims and/or those of the putative collective or class members are barred because any acts or omissions of Defendant were at all times legal and authorized by law.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Waiver)

20. Plaintiff's claims and/or those of the putative collective or class members are barred because Plaintiff and those he seeks to represent have engaged in conduct and activity sufficient to constitute a waiver of any right to assert the claims upon which Plaintiff and/or the putative collective or class members now seek relief.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Unclean Hands)

21. Defendant is informed and believes, and on that basis alleges, that Plaintiff and/or each member of the putative collective or class have or had unclean hands with respect to the matters alleged in the Complaint, and are therefore barred from recovering any relief on the Complaint or any purported claim alleged therein.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

22. Defendant is informed and believes, and on that basis alleges, that Plaintiff and/or each putative collective or class member is estopped, by their own actions and conduct, from asserting any claims against Defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing)

23. The Complaint, and each purported claim alleged therein, is barred because Plaintiff and/or the putative collective or class members lack standing to assert the Complaint or any purported claim alleged therein.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

24. Plaintiff's claims and/or those of the putative collective or class members are barred by the doctrine of accord and satisfaction.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Misrepresentation)

25. Defendant is informed and believes, and on that basis alleges, that Plaintiff's claims and/or those of the putative collective or class members are barred, in whole or in part, by misrepresentations made by Plaintiff and/or the putative collective or class members.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

26. Plaintiff and the putative collective or class members have failed to mitigate or reasonably attempt to mitigate some or all of their alleged damages, if any, as required by

13

law.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Willfulness)

27. Neither Plaintiff nor any putative collective or class member is entitled to liquidated damages because Defendant's alleged acts or omissions, if any, were not willful within the meaning of applicable law.

## RESERVATION OF RIGHTS

28. ABC reserves the right to assert any additional affirmative defenses as permitted by the Rules.

Dated: January 28, 2020	Respectfully Submitted,

/s/ *Edward S. Schenk*
Edward S. Schenk III
North Carolina Bar. No. 32917
Williams Mullen
301 Fayetteville Street, Suite 1700
P.O. Box 1000 (27602)
Raleigh, NC 27601
Telephone: (919) 981-4303
Facsimile: (919) 981-4300
eschenk@williamsmullen.com

- and -

Angela C. Zambrano, *special appearance forthcoming*
angela.zambrano@sidley.com
Texas Bar. No. 24003157
Margaret Hope Allen, *special appearance forthcoming*
margaret.allen@sidley.com
Texas Bar No. 24045397
Natali Wyson, *special appearance forthcoming*
nwyson@sidley.com
Texas Bar. No. 24088689
Sidley Austin LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Telephone: (214) 981-3300

*Counsel for Defendant ABC Phones of North Carolina, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2020, I have electronically filed the foregoing with the clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel and parties of record:

| | |
|---|---|
| Yingtao Ho<br>yh@previant.com<br>Joe Sexauer<br>jms@previant.com<br>The Previant Law Firm, S.C.<br>310 West Wisconsin Avenue, Suite 100MW<br>Milwaukee, WI 53203<br>Telephone: (414) 271-4500<br>Facsimile: (414) 271-6308 | Paul E. Smith<br>psmith@pathlaw.com<br>Patterson Harkavy LLP<br>100 Europa Drive, Suite 420<br>Chapel Hill, NC 27517<br>Telephone: 919-942-5200<br>Facsimile: 866-397-8671 |

/s/ *Edward S. Schenk*
Edward S. Schenk III
North Carolina Bar. No. 32917
Williams Mullen
301 Fayetteville Street, Suite 1700
P.O. Box 1000 (27602)
Raleigh, NC 27601
Telephone: (919) 981-4303
Facsimile: (919) 981-4300
eschenk@williamsmullen.com

*Counsel for Defendant ABC Phones of North Carolina, Inc.*