IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-504-BO

JAMES BAGGOTT, on behalf of himself and all )
others similarly situated, )
)
               Plaintiff, )
)
v. )    O R D E R
)
ABC PHONES OF NORTH CAROLINA, INC. )
)
               Defendant. )

This case is before the Court on the parties' joint motion for preliminary approval of settlement agreement and stipulation on collective and class certification. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and the court hereby grants the motion for preliminary approval.

Order Regarding Stipulation on Collective and Class Certification

The parties have asked the court to grant the parties' stipulation on collective and class certification and grant final certification for a FLSA opt-in collective action to all store managers and non-managers who worked for defendant in Wisconsin during the time period between November 8, 2017 through the date of the Court's preliminary approval of settlement and have already filed an opt-in form with the Court or will timely submit an FLSA Consent Form to opt into the settlement to receive their share of the FLSA amount and grant certification pursuant to Rule 23 for an opt-out class including all store managers and non-managers who worked for defendant ABC in Wisconsin during the time period between November 8, 2017 through the date

of the Court's preliminary approval of settlement, other than Alexander Vang and Darren Koutnik, and who do not timely submit an opt-out letter.

Based on the stipulation, the allegations in the complaint and nature of the claims asserted, and the relevant factors under Federal Rule of Civil Procedure 23, the Court finds that there is good cause to certify the proposed class. Among other things:

1. The class is numerous, as defendant employed a total of 467 individuals as either store managers or as non-managers in Wisconsin during the period of November 8, 2017 to July 31, 2020.

2. There are common issues respecting the class claims relating to (a) whether the punch out and punch in for the meal breaks gave defendant notice that its employees were taking less than thirty minutes for their meal breaks, so that defendant must pay its employees for the sub-thirty-minute meal breaks and (b) whether the combination of defendant's supervisors' knowledge as to when store managers participated in conference calls and defendant's payroll department's knowledge of the hours for which store managers were paid gave defendant sufficient notice that its store managers were participating in sales-related conference calls off the clock, so that the store managers' time spent in the conference calls while away from the store should be paid.

3. Plaintiff is typical of other class members with respect to the class claims, as he has alleged that he participated in sales-related conference calls with higher-level managers while he was away from the store, that he could not record his worktime while he was away from the store, that no one explained to him that he should request an adjustment so that he would be paid for time spent in such conference calls, that he was therefore not paid for time spent in

2

sales-related conference calls with higher-level managers while he was away from the store, and was treated consistently with other class members.

4. Plaintiff is adequate to represent the class, has diligently represented the interests of the class to date, and has no known conflicts with any class members. Plaintiff has also retained competent and experienced counsel.

5. Class certification is appropriate with respect to class claims under Rule 23(b)(3) of the Federal Rules of Civil Procedure because the value of the claims of individual class members is small, so that the only viable alternative to a class action is no litigation at all.

The Court further observes that, pursuant to the stipulation, certification of the class is unopposed.

Therefore, it is hereby ORDERED that this action be certified as a collective action, pursuant to 29 U.S.C. § 216(b) of the FLSA. Notice of this lawsuit shall be issued to all putative class members, defined as all store managers and non-managers who worked for defendant in Wisconsin during the time period between November 8, 2017 through the date of the Court's preliminary approval of settlement and have already filed an opt-in form with the Court or will timely submit an FLSA consent form to opt into the settlement to receive their share of the FLSA amount. It is also ORDERED that the following opt-out class be certified: all store managers and non-managers who worked for defendant in Wisconsin during the time period between November 8, 2017 through the date of the Court's preliminary approval of settlement, other than Alexander Vang and Darren Koutnik, and who do not timely submit an opt-out letter.

This stipulation shall in no way affect defendant's right to oppose certification during later proceedings in this case. This stipulation shall not otherwise be referenced, cited to, or used by the parties in any manner that would be prejudicial to the other parties any point in this action or

3

in any related action pending anywhere in the United States. The stipulation is not an admission by any party on the merits of the claims or defenses. This stipulation only reflects the parties' shared interest in advancing this action in the most efficient and practical manner possible.

Order Regarding Preliminary Approval of Settlement Agreement

WHEREAS, plaintiff and class representative James Baggott, on behalf of himself and on behalf of the class certified by the Court above, and defendant have agreed, subject to Court approval, to settle the above-captioned litigation upon the terms set forth in the January 21, 2021 Settlement Agreement (Settlement Agreement);

WHEREAS, this Court has reviewed and considered the Settlement Agreement entered into among the parties, as well as all exhibits thereto, the record in this case, the briefs and arguments of counsel, and supporting exhibits;

WHEREAS, the parties have jointly moved for an order granting preliminary approval of the Settlement;

WHEREAS, this Court preliminary finds that the Settlement meets all the requirements of Rule 23(e) of the Federal Rules of Civil Procedure;

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement;

Now, therefore, it is hereby ORDERED:

1. This Court has jurisdiction over the subject matter of this lawsuit and over the settling parties.

2. The Court does hereby preliminarily approve the Settlement Agreement, subject to further consideration at the Final Approval Hearing described below and directs the parties to perform and satisfy the conditions of the Settlement Agreement that are hereby triggered.

3. A Final Approval Hearing shall be held before this Court **on May 24, 2021 at 11 a.m.~~/p.m.~~, at the Federal Courthouse located at ELIZ. CITY, N.C.**, to determine whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the class members and should be approved by the Court; whether final judgment should be entered; the amount of fees, costs, and expenses that should be awarded to class counsel; and the amount of any incentive awards to be awarded to the class representative. Attendance at the Final Approval Hearing is not mandatory and class members need not appear or take any other action to indicate their approval of the Settlement Agreement. The Court may change the day of the Final Approval Hearing without further notice to the Class. Counsel may appear telephonically or via video due to the COVID-19 pandemic.

4. The Court approves, as to form and content, the class notice and FLSA Consent Form attached as Exhibits A and B to the Settlement Agreement. The Court further finds that the proposed notice program substantially meets the requirements of Rule 23 and due process, is the best notice practicable under the circumstances, and shall constitute due process and sufficient notice to all persons entitled thereto.

5. The Court confirms and appoints Rust Consulting as the Administrator to administer the terms of the Settlement Agreement and to notify and pay the class members. The Administrator shall commence all aspects of the approved notice program, including direct notice mailing and a dedicated toll-free number, as more fully set forth in the Settlement Agreement, in accordance with the schedule set forth below.

6. No later than thirty (30) days from the entry of this Order, the Administrator shall have completed the notice program to the class by mailing the class notices, substantially in the form of Exhibit A to the Settlement Agreement, to all members of the class whose addresses can

5

be identified with reasonable effort. The Settlement Administrator will use the last known mailing address information provided by defendant, unless modified by any updated address information that the Settlement Administrator obtains in the course of administration of the Settlement (including a search of the National Change of Address database).

7. The Court approves, as to form and content, the distribution plan laid out in the Settlement Agreement.

8. All reasonable expenses incurred in identifying and notifying members of the Class, as well as administering and distributing the settlement funds, shall be paid for as set forth in the Settlement Agreement.

9. Any person who desires to request exclusion from the Settlement may do by mailing an opt-in letter to the address provided in the notice so they are received by the Settlement Administrator or postmarked no later than sixty (60) days of the Settlement Administrator mails the notice to the members. To be valid, the letter shall contain a statement that clearly conveys the class member's request to be excluded from the class, his or her full name, mailing address, telephone number, and the last four digits of his or her Social Security number. The letter must be signed and dated. All persons who submit valid and timely opt-in letters shall, upon receipt, no longer be eligible to be a member of the class, shall be barred from participating in any portion of the Settlement, and shall receive no benefits from the Settlement. The Settlement Administrator shall promptly send a copy of any opt-out letter to both plaintiffs' counsel and defendant's counsel.

10. The FLSA Consent Form shall be used for collective members to submit their written consent, either electronically or by mail, to join the action and receive the FLSA Amount of their Individual Settlement Payment as defined in the Settlement Agreement. Within sixty (60)

6

Case 5:19-cv-00504-BO    Document 49    Filed 02/02/21    Page 6 of 9

days of the date the Settlement Administrator mails the notice, each collective member must complete and submit the FLSA consent form. If any collective member disputes his or her allocation or attempts to qualify, condition, or limit his or her acceptance of the terms of this Settlement, the Settlement Administrator will promptly notify the parties' counsel by email. Upon the opt-in Court filing deadline, each collective member who submitted the FLSA Consent Form shall become a Participating Collective Member under the terms of the Settlement Agreement, and any collective member who does submit a FLSA Consent Form shall be a Non-Participating Collective Member.

11. Any class member may enter an appearance in the litigation, at his or her own expense, individually or through counsel of his or her own choice.

12. Any member of the class may object to the Settlement by filing a written objection to the Settlement with the Court and serving the written objection to the Settlement on counsel for the parties within sixty (60) days of the date that the Settlement Administrator mails the notice. The written objection to the settlement must set forth grounds for the objection and indicate whether the member intends to appear and object at the Final Approval Hearing.

13. No later than fourteen (14) days before the Final Approval Hearing, the parties shall file with the Court their joint motion for final approval of the settlement agreement and agreed order of dismissal.

14. All non-settlement-related proceedings in this action are stayed pending final approval of the proposed settlement.

15. If for any reason the Settlement Agreement is not finally approved by the Court, each party's rights to litigate will be restored the same extent as if the Settlement Agreement had never been entered into.

16. Neither the Settlement Agreement, nor any of its terms or provisos, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by plaintiffs or defendants of the truth or falsity of any of the allegations in this lawsuit, or of any liability, fault, or wrongdoing of any kind.

17. All members of the class are temporarily barred and enjoined from instituting or continuing the prosecution of any action asserting the claims released in the proposed Settlement, until the Court enters final judgment with respect to the fairness, reasonableness, and adequacy of the Settlement.

18. All class members shall be bound by all determinations and orders in this lawsuit concerning the Settlement, whether favorable or unfavorable to the class members.

19. The Court adopts the schedules and deadlines contained in the proposed Settlement Agreement.

20. The Court reserves the right to adjourn, continue, or otherwise change the date of the Final Approval Hearing without further notice to the class members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement Agreement. The class members are advised to confirm the date of the Final Approval Hearing as set forth in the class notices. The Court may approve the Settlement Agreement, with such modifications as may be agreed to by the parties, if appropriate, without further notice to the class members.

8

Case 5:19-cv-00504-BO   Document 49   Filed 02/02/21   Page 8 of 9

SO ORDERED, this __1__ day of ~~January~~ Feb, 2021.

_Terrence W. Boyle_
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE